086715.0110(207) RMC:lab

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| **PEKIN LIFE INSURANCE COMPANY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **JERI E. WEGER as PERSONAL REPRESENTATIVE of the ESTATE OF SARA J. VENZKE, Deceased, and JAMES D. VENZKE,** | ) |
| | ) |
| **Defendants.** | ) |

**COMPLAINT FOR INTERPLEADER**

Now comes the Plaintiff, Pekin Life Insurance Company, by its attorney, Robert Marc Chemers of Pretzel & Stouffer, Chartered, and for its Complaint for Interpleader against the Defendants, Jeri E. Weger as Personal Representative of the Estate of Sara J. Venzke, Deceased and James D. Venzke, alleges the following:

**JURISDICTION**

1. The jurisdiction of this Court is premised on 28 U.S.C. § 1335 as there is a stake, namely, life insurance policy death benefits, which are claimed by at least two adverse claimants who are citizens of different states, in this action seeking to interplead the limits of that insurance policy.

## VENUE

2. Venue is premised on 28 U.S.C. § 1397 as at least one of the Defendant claimants is a resident of this District.

## PRELIMINARY STATEMENT

3. David L. Venzke died from a self-inflicted gunshot wound on August 25, 2026, after he shot his wife, Sara J. Venzke to death on August 25, 2026. The estate of the primary beneficiary and the contingent beneficiary have conflicting and competing claims to the policy death benefit proceeds.

## THE PARTIES

4. Pekin Life Insurance Company ("Pekin Life") is an Illinois insurance corporation with its principal place of business in Pekin, Illinois.

5. Jeri E. Weger the appointed Personal Representative of the Estate of Sara J. Venzke ("Jeri") is a resident of Elroy, Wisconsin and a citizen of Wisconsin, and Jeri in her representative capacity is an interested party to this proceeding.

6. James D. Venzke ("James") is a resident of Rochester, Minnesota, and a citizen of Minnesota, and James is the brother of David L. Venzke and is an interested party to this proceeding.

## THE LIFE INSURANCE POLICY

7. In 2023, Pekin Life issued an individual life insurance policy numbered 0005541400 (the "Policy") to David L. Venzke ("the Insured"). The death benefit under

Policy is $100,000. A true and correct copy of the Policy is attached hereto, made a part hereof and is marked as Pleading Exhibit A.

8. The primary beneficiary to the Policy's death benefit was the Insured's spouse, Sara J. Venzke. The contingent beneficiary was the Insured's brother, James.

9. The Insured died on August 25, 2026 from a self-inflicted gunshot wound. A true and correct copy of the Certificate of Death is attached hereto, made a part hereof and is marked as Pleading Exhibit B.

10. The primary beneficiary, Sara J. Venzke, died on August 25, 2026 due to a homicide inflicted by the Insured. A true and correct copy of the Certificate of Death is attached hereto, made a part hereof and is marked as Pleading Exhibit C.

11. Shortly after August 25, 2026, Pekin Life was notified of the Insured's death and claim and related forms were requested.

12. Jeri as Personal Representative of the Estate of Sara J. Venzke, Deceased, claims that Estate to be the sole primary beneficiary of the Insured's policy and as a result entitled to the payment of the death benefit.

13. James contests that the Estate is the sole beneficiary as the primary beneficiary was deceased at the time David, the Insured, died, and contends that he may be entitled to the payment of the death benefit.

14. Under the circumstances, Pekin Life cannot determine factually or legally who is entitled to the death benefit. By reason of the actual or potential claims of the

interpleaded defendants ("the Adverse Claimants"), Pekin Life is or may be exposed to multiple liability.

15. Pekin Life is ready, willing and able to pay the death benefit, plus applicable claim interest, if any, payable in accordance with the terms of the Policy to whomever the Court shall designate.

16. As a mere stakeholder, Pekin Life has no interest (except to recover its attorney's fees and costs of this action) in the death benefit payable and respectfully requests that the Court determine to whom said benefits should be paid.

17. Pekin Life accordingly will deposit into the Registry of the Court the death benefit, plus claim interest, if any, for disbursement in accordance with the judgment of this Court.

18. Pekin Life does not in any way collude with any one of the Adverse Claimants touching upon the matters in question in this action, and Pekin Life has not asked and does not seek any relief herein at the request of any party hereto but rather solely of its own free will and volition to avoid being vexed and harassed by conflicting and multiple claims.

## PRAYERS FOR RELIEF

**WHEREFORE**, the Plaintiff, Pekin Life Insurance Company, prays for the following relief:

A. Requiring the Adverse Claimants to answer this Complaint for Interpleader and litigate their claims between themselves for the death benefit.

B. Requiring that the Adverse Claimants settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the death benefit shall be paid.

C. Permitting Pekin Life Insurance Company to deposit the amount of the death benefit, plus applicable claim interest, if any, into the Registry of the Court or as this Court otherwise directs to be subject to the order of this Court and to be paid out as this Court shall direct.

D. Discharging and releasing Pekin Life Insurance Company from any and all further liability to the Adverse Claimants relating in any way to the death benefit and/or the Policy upon payment of the death benefit into the Registry of this Court or as otherwise directed by this Court.

E. Enjoining the Adverse Claimants and each of them from instituting or prosecuting any proceeding in any state or federal court effecting the death benefit and/or the Policy.

F. Awarding Pekin Life Insurance Company its attorneys' fees and costs in their entirety.

G. Awarding Pekin Life Insurance Company any other and further relief that this Court deems just, reasonable, equitable, necessary and proper.

Respectfully submitted:

s/ *Robert Marc Chemers*

Robert Marc Chemers
PRETZEL & STOUFFER, CHARTERED
200 South Wacker Drive
Suite 2600
Chicago, Illinois 60606
Telephone: (312) 578-7548
Fax: (312) 346-8242
E-Mail: rchemers@pretzel-stouffer.com
***Attorneys for Plaintiff***